*Ex parte* DURÁN, PETICIONARIA Y APELANTE, Y COLÓN ET AL., OPOSITORES Y APELADOS.

No. 3162.—*Visto:* Abril 10, 1924. *Resuelto:* Mayo 31, 1924.

ADMINISTRACIÓN JUDICIAL DE HERENCIA — PAGO DE LEGADOS CONCURRIENDO UN HIJO LEGÍTIMO CON HIJOS NATURALES—TERCIO LIBRE.—Cuando un solo hijo legítimo concurre con hijos naturales, corresponde a éstos íntegro el tercio de libre disposición que equivale a la mitad de la legítima larga que pertenece al hijo legítimo. Este tercio libre, en su carácter de legítima forzosa, no puede menguarse por las donaciones, mandas o legados hechos en testamento; y no sirve de excusa a una administradora judicial que pagó legados en tales condiciones sacándolos del tercio libre, el hecho de haber sido autorizada al efecto por la corte, cuando tal pago lo hizo después de presentada la demanda de filiación.

ID.—GASTOS Y HONORARIOS EN PLEITO DE FILIACIÓN; A QUIÉN COMPETEN.—El pago de costas, gastos y honorarios de abogado de las partes en un pleito de filiación fallado a favor de los demandantes no debe cargarse por la administración judicial a la herencia y sí a los demandados exclusivamente.

RESOLUCIÓN de *Charles E. Foote,* J. (San Juan, Primer Distrito), denegando aprobación de las cuentas impugnadas en una administración judicial. *Confirmada.*

*J. de Guzmán Benítez* y *J. Martínez Dávila,* abogados de la apelante; *L. Muñoz Morales,* abogado de los apelados.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Esta es una apelación contra una resolución de la corte inferior negándose a aprobar ciertas partidas de la cuenta de administración final presentada por Julia Durán, administradora judicial de los bienes del finado José Manuel Batista.

Las menores Petronila y María Gil Batista Colón, hijas naturales reconocidas del causante, impugnaron dichas partidas por los motivos siguientes:

Las partidas números 3, 4 y 6 que consignan el pago de ciertos legados, porque la cuota hereditaria de dichas me-

nores debe salir del tercio de libre disposición, y no pueden pagarse del mismo esos legados.

Las partidas números 9, 10, 12, 17, 39 y 40, que se refieren a pagos al taquígrafo, gastos de citación, indemnización a testigos, etc., y pago de honorarios a los abogados de demandantes y demandados, porque todos esos pagos no deben cargarse al caudal hereditario y sí a la viuda e hijo legítimo contra quienes se inició el pleito de filiación.

Y las números 41, 42 y 43 que comprenden diversos gastos relativos al sostenimiento y manutención del hijo legítimo, por ser excesivos. La negativa de la corte inferior no incluye, sin embargo, estas últimas partidas.

El récord de esta apelación solamente contiene las siguientes actuaciones: (a) la cuenta rendida por la administración judicial; (b) el escrito de impugnación de la parte apelada, y (c) la resolución de la corte inferior que ha sido apelada.

De estas constancias, no obstante, se desprende que el causante José Manuel Batista otorgó testamento ordenando ciertos legados que resultan pagados de la cuenta presentada; que a su fallecimiento quedó la viuda y un solo hijo legítimo, como únicos herederos del finado; que las menores Petronila y María Gil Batista posteriormente fueron declaradas hijas naturales del causante mediante declaración de una sentencia judicial; y que esos legados fueron pagados después de iniciado el pleito de filiación de las hijas naturales.

La sección 2 de la ley para modificar y derogar ciertos artículos del Código Civil revisado, aprobada en marzo 9 de 1905, dispone que la legítima de los hijos y descendientes legítimos la constituyen las dos terceras partes del haber hereditario y la tercera parte restante será de libre disposición. Y la sección 14 prescribe:

"Sec. 14.—Cuando el testador deje hijos o descendientes legítimos e hijos naturales legalmente reconocidos, tendrá cada uno de

éstos derecho a la mitad de la cuota que corresponda a cada uno de los legítimos no mejorados siempre que quepa dentro del tercio de libre disposición, del cual habrá de sacarse, deduciendo antes los gastos de entierro y funeral.

''Los hijos legítimos podrán satisfacer la cuota que corresponda a los naturales en dinero o en otros bienes de la herencia a justa regulación.'' Comp. sec. 3886.

En este caso como el testador deja solamente un hijo legítimo en concurrencia con hijos naturales, corresponde a éstos íntegro el tercio de libre disposición que equivale a la mitad de la legítima larga que pertenece al hijo legítimo.

Este tercio libre, en su carácter de legítima forzosa, no puede menguarse por las donaciones, mandas o legados hechos en testamento. Estas donaciones o legados se respetarán mientras pueda cubrirse la legítima, reduciendo o aumentando las mismas, si necesario fuere. Artículos 805 y 808, inciso 1º, del Código Civil revisado. Y correspondiendo todo el tercio libre a las hijas naturales, se hace materialmente imposible que del mismo se paguen los legados cualquiera que sea la importancia del caudal hereditario, así como la de los legados ordenados por el testador.

Se insiste, no obstante, por la apelante que el pago de dichos legados se hizo antes de dictarse sentencia declarando hijas naturales a las apeladas y que para hacerlo se obtuvo la autorización de la corte inferior. De todos modos la autorización de la corte inferior quedaba sujeta a la disposición del artículo 808 supra, aparte de que la actitud de la apelante no estaba justificada solicitando dicha autorización y precipitándose a hacer el pago de los legados cuando ya se había iniciado el pleito de filiación y se trataba de una cuestión legal en la que tenemos que presumir que debió estar bien asesorada por su abogado, pues la ignorancia de las leyes no excusa su cumplimiento, evitando así las consecuencias a que ha dado lugar el pago. Art. 3 del Código Civil.

La corte inferior, por tanto, no cometió error al desaprobar el pago hecho por la apelante de los legados, así como

tampoco en cuanto a las demás partidas no aprobadas, toda vez que los gastos, desembolsos y honorarios de abogado que comprenden dichas partidas, se hicieron en interés exclusivo de la viuda y el hijo legítimo para sostener el pleito de filiación y a quienes únicamente beneficiaba o perjudicaba su resultado.

Por lo expuesto debe *confirmarse la sentencia apelada.*